IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

E.W.,[1]

        Plaintiff,

v.                                                                                                  Case No. 24-2082-JWB

FRANK BISIGNANO,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for an award of attorney fees in the amount of $18,698.50 under 42 U.S.C. § 406(b), and memorandum in support. (Docs. 19, 20.) The Commissioner of Social Security ("the Commissioner") takes no position on the request, but only asks that the fees Roger Driskill received under the Equal Access to Justice Act (the "EAJA") be returned to E.W. (Doc. 21.) The motion is GRANTED for the reasons stated herein.

### I.   Procedural History

On March 8, 2024, Plaintiff filed this action appealing the decision of the administrative law judge. (Doc. 1.) On July 10, 2024, this court reversed and remanded the Commissioner's decision in response to an unopposed motion filed by the Commissioner. (Doc. 12.) Plaintiff moved for attorney's fees under the EAJA, 28 U.S.C. § 2412(d). (Doc. 14.) The court granted the motion and awarded fees in the amount of $7,200.00. (Doc. 16.)

After remand, the ALJ issued a partially favorable decision on November 10, 2025. (Doc. 19-2.) Plaintiff was thereafter awarded $74,794.00 in back due benefits. (*Id*.) Upon retaining

---

[1] Plaintiff's initials are used to protect privacy interests.

counsel for this matter, Plaintiff signed a contingency fee contract in which he agreed that the attorney fees would be one-fourth (25%) of all back due benefits. (Doc. 19-1.) In response to the present motion, the Commissioner does not take a position, but he does note that this court previously granted Roger Driskill's motion for attorney fees under the EAJA and asks that these be returned to E.W. if the present motion is granted. (Doc. 21.)

**II.    Analysis**

Pursuant to 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ." In social security cases, EAJA fees are separate from fees awarded under § 406(b). *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008). Attorneys cannot keep both fee awards, but instead must refund the lesser of the EAJA or § 406(b) fees to Plaintiff. *Id*. As a result, the EAJA fees "effectively increase [ ] the portion of past-due benefits the successful Social Security claimant may pocket." *Id.* (citation omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id*.

Although an attorney may contract for 25% of past due benefits, the court must ensure that it yields a reasonable result. *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Plaintiff's counsel seeks attorney's fees of $18,698.50. (Doc. 19 at 3.) Counsel indicates that 36.1 hours were expended on this matter, which yields a de facto hourly rate of $517.96. (Doc. 19-3.) Counsel has

itemized the hours spent on court representation. (*Id*.) The Commissioner does not object to the fee request. (Doc. 21.) The court finds that the fee request in this matter is reasonable. *See J.M.V. v. Saul*, No. 18-1202-JWB, 2020 WL 7230233, at *2 (D. Kan. Dec. 8, 2020) (citing *Bryant*, 2014 WL 7359023 at *1 ($418.28 per hour is a reasonable fee); *Robbins v. Barnhart*, Case No. 04–1174–MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)) (courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

### III. Conclusion

Plaintiff's motion for attorney's fees (Doc. 19) is GRANTED. Plaintiff's attorney, Roger Driskill, is entitled to $18,698.50 in fees under § 406(b). After receiving these attorney's fees, Roger Driskill shall refund to Plaintiff $7,200.00, which was the amount he received as fees under the EAJA.

IT IS SO ORDERED. Dated this 11th day of December, 2025.

                                                            s/ John W. Broomes
                                                            JOHN W. BROOMES
                                                            UNITED STATES CHIEF DISTRICT JUDGE